# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS LEE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2080 |
| | § | |
| WASTE MANAGEMENT OF | § | |
| TEXAS, INC., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This employment case is before the Court on the Motion to Transfer Venue ("Motion to Transfer") [Doc. # 13] filed by Defendant Waste Management of Texas, Inc. ("Waste Management"). Defendant seeks transfer to the United States District Court for the Western District of Texas at San Antonio pursuant to 28 U.S.C. § 1404(a). Plaintiff Marcus Lee filed a Response [Doc. # 18] opposing the Motion to Transfer, and Defendant filed a Reply [Doc. # 19]. Having reviewed the full record and the applicable legal authorities, the Court **grants** the Motion to Transfer.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was employed by Waste Management in San Antonio from December 2003 until his employment was terminated in May 2006. Plaintiff alleges that he developed pericarditis in September 2005 and, therefore, was a qualified individual with a disability within the meaning of the Americans with Disabilities Act ("ADA").

Plaintiff alleges that Defendant failed to make reasonable efforts to accommodate his disability and that Defendant terminated him in violation of the ADA.

Plaintiff, who resides near San Antonio and is represented by counsel whose office is near San Antonio,[1] filed this lawsuit in Houston, Texas, in June 2007. Defendant, while conceding that venue is proper in the Southern District of Texas, filed its Motion to Transfer, seeking transfer of the case pursuant to 28 U.S.C. § 1404(a) to the Western District of Texas. The motion has been fully briefed and is ripe for decision.

## II.   ANALYSIS FOR § 1404(a) TRANSFER

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a); *Casarez v. Burlington Northern/Santa Fe Co.*, 193 F.3d 334, 339 (5th Cir. 1999); *Harris County v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 319 (5th Cir. 1999). The party requesting transfer pursuant to § 1404(a) has the burden of showing that the case should be transferred. *See Evans v. Cornell*, 2007 WL 2021765, *1 (S.D. Tex. July 10, 2007) (citing *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)).

---

[1]   The location of Plaintiff's counsel is irrelevant and is not considered in determining whether to transfer venue. *See In re Horseshoe Enter.*, 337 F.3d 429, 434 (5th Cir. 2003).

"The threshold issue under § 1404(a) is whether the plaintiff's claim could have been filed in the judicial district to which transfer is sought." *Ecoproduct Solutions, L.P. v. MMR Constructors, Inc.*, 2007 WL 4414039, *1 (S.D. Tex. Dec. 14, 2007) (citing *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004)).  It is undisputed that the case could have been brought in the Western District of Texas because the relevant employment records are located there, and because the unlawful employment practice is alleged to have occurred in Texas.  *See* 42 U.S.C. § 2000e-5(f)(3).

The Court must consider both private and public factors to decide whether the Western District of Texas would be more convenient for the parties and witnesses and whether the interests of justice would best be served by transfer.  One factor is the Plaintiff's choice of forum.  A plaintiff's choice of forum is generally entitled to deference, but it is not conclusive and can be outweighed by the private and public factors discussed below.  *See Ecoproduct*, 2007 WL 4414039 at *2 (citing *In re Horseshoe Entertainment*,  337 F.3d 429, 434-35 (5th Cir. 2003)).  Moreover, the "weight to be accorded the plaintiff's choice of forum 'is diminished where plaintiff brings suit outside his home forum.'" *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 2007 WL 3256210, *8 (W.D. Tex. Nov. 2, 2007) (quoting *Heppner v. Krause Plow Corp., Inc.*, 2001 WL 124947, * 2 (N.D. Tex. Feb. 18, 2001)).  In this

case, Plaintiff lives in Bexar County, Texas, near San Antonio. Consequently, his choice of forum in a district other than his home district is entitled to less deference.

The private factors include: (1) the relative ease of access to evidence; (2) the availability of obtaining the attendance of unwilling witnesses and the cost of attendance for willing witnesses; (3) the place of the alleged wrong; and (4) any other practical issues that make trial of a case more easy, expeditious and inexpensive in the transferee district. *See Ecoproduct*, 2007 WL 4414039 at *1 (citing *In re Volkswagen AG,* 371 F.3d at 203). Each of these private factors weighs in favor of transfer to San Antonio. Most, if not all, witnesses and documents are located in or near San Antonio. The witnesses include Plaintiff, Defendant's employees and former employees, and Plaintiff's treating physicians. The cost for all these witnesses to travel to Houston and for documents to be transported to Houston could be high and is unnecessary. Plaintiff was employed in San Antonio, requested accommodation there for his disability, and was discharged there.[2] The private factors weigh in favor of transfer.

---

[2] Plaintiff asserts that Defendant's policy against transferring employees is a general corporate policy arising from Defendant's home office in Houston. Plaintiff has not cited any legal authority for his position that the ADA requires an employer to accommodate a disabled employee by transferring the employee to a different city. *But see DePaoli v. Abbott Labs.*, 140 F.3d 668, 675 (7th Cir. 1998) (reasonable accommodation does not include "duty to offer employment in the entire corporate enterprise").

The public factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law." *Ecoproduct*, 2007 WL 4414039 at *1 (citing *In re Volkswagen*, 371 F.3d at 203). The civil case load in the Southern District of Texas is heavier than in the Western District, and resolution of the dispute is not likely to be delayed by transfer. The Western District, particularly San Antonio, has a much greater local interest than the Southern District in protecting the employment rights of residents of San Antonio. Public policy favors residents of San Antonio serving as jurors in this case, rather than the residents of Houston. Both districts are equally familiar with ADA jurisprudence and there are unlikely to be any conflict of laws or foreign law issues. The Court finds without reservation that the public factors weigh heavily in favor of transfer of this case to the Western District of Texas.

For reasons that are not apparent from the record, Plaintiff chose to file this lawsuit in Houston rather than in San Antonio where he lives and where he worked for Defendant. The private and public factors favor transfer to the Western District for the convenience of the parties and witnesses, and in the interest of justice.

**III.    CONCLUSION AND ORDER**

Defendant has shown that the convenience of the parties and witnesses, and the interest of justice, heavily favor transfer of this case to the Western District of Texas in San Antonio.  Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Transfer [Doc. # 13] is **GRANTED** and this case is **TRANSFERRED** to the United States District Court for the Western District of Texas, San Antonio Division.  The Court will issue a separate Transfer Order.

SIGNED at Houston, Texas, this **6th** day of **February, 2008**.

_____
Nancy F. Atlas
United States District Judge